IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-334-H(7)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| STEPHAN ANTONIO JOHNSON, ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for revocation of the detention order pursuant to 18 U.S.C. § 3145(b). [D.E. #17]. The government has not filed a response, and the time for doing so has expired. This matter is ripe for adjudication.

### BACKGROUND

On July 8, 2020, defendant was indicted along with thirteen other individuals. Defendant was charged with conspiracy to commit bank fraud, bank fraud, and aggravated identity theft. Defendant's detention hearing was held on August 26, 2020, before United States Magistrate Judge James E. Gates.

After presentation of the evidence by the government and defendant, Magistrate Judge Gates found by a preponderance of the evidence that no condition or combination of conditions could be imposed which would reasonably assure defendant's appearance as required. Magistrate Judge Jones cited the nature

of the charges, defendant's criminal history, and his criminal activity and non-compliance while under probation or supervision as some of the reasons for which he entered an order of detention.

## COURT'S DISCUSSION

Following entry of an order of detention pending trial by a magistrate judge, the defendant may file a motion for revocation of the order to be reviewed by a district court judge. 18 U.S.C. § 3145(b). The district court must then conduct a de novo review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989). In its review, the district court makes an independent determination as to whether the magistrate judge's findings are correct. See United States v. Williams, 753 F.2d 329, 333-34 (4th Cir. 1985). The court may, in its discretion, conduct a further evidentiary hearing. See id., at 333.

Pre-trial detention must be ordered when, after hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). The government bears the burden to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. 18 U.S.C. § 3142(f). In consideration of whether any

2

conditions of release will reasonably assure a defendant's attendance at trial, however, the government need only prove that no such set of conditions exists by a "preponderance of the evidence." United States v. Stewart, 19 F. App'x 47, 48 (4th Cir. 2001) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)).

Having completed a thorough de novo review of the magistrate judge's detention order, as well as the pretrial services report, the recording of the detention hearing, and defendant's motion, this court finds that no further evidentiary hearing is necessary. After careful review of the foregoing, this court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required before trial if he were released. Consequently, this court finds Magistrate Gates' findings and decision to be correct.

## CONCLUSION

For the foregoing reasons, defendant's motion to revoke Magistrate Judge Gates' order of detention is hereby DENIED.

This 21st day of September 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26